LESLIE W. WINTER v. THE PENNSYLVANIA RAILROAD COMPANY,
a corporation of the Commonwealth of Pennsylvania.

(*September* 20, 1949.)

PEARSON, J., sitting.

*Morton E. Evans* (of the firm of Marvel and Morford) for plaintiff.

*Henry van der Goes* (of the firm of Southerland, Berl and Potter) for defendant.

Superior Court for New Castle County, No. 291, September Term, 1947.

110

PEARSON, Judge.

Motion for summary judgment. Defendant moves for judgment in its favor upon that part of plaintiff's amended complaint which relates to plaintiff's inability to follow his secondary occupation of pianist and organist as a result of the injury alleged to have occurred to him. Defendant says "that it appears from the said Amended Complaint and from plaintiff's answer to defendant's Interrogatory No. 12, that the said plaintiff seeks damages with respect to his secondary occupation, which by their nature are not recoverable as a matter of law." The portion of the amended complaint referred to reads as follows:

"9. Plaintiff's primary occupation is that of salesman and his secondary or subordinate occupation or avocation is that of a professional pianist and organist, in which secondary occupation he has great skill and many years of experience and training. Plaintiff has been accustomed to earn at such secondary occupation substanial sums of money each year, to-wit, upwards of $1500 annually. The crushing of the middle finger of his left hand as aforesaid, the loss of function thereof, the apparent permanency of such condition, and the continuing pain incident to any attempted use of such finger, has continuously since the accident and will hereafter continuously and permanently disable the plaintiff from following such secondary occupation of pianist and organist."

Interrogatory No. 12 and plaintiff's answer referred to read thus:

(Question) " 'What was your income, in money or money's worth, from playing with organ and piano in the following years: (a) 1942. (b) 1943. (c) 1944. (d) 1945. (e) 1946.' "

(Answer) " 'Plaintiff received in the form of free railroad and bus trips, hotel accommodations and meals, and in the form of lowered initiation fees and membership dues from various fraternal and civic organizations, average benefits of approximately $500.00 in each of the years 1942 through 1946, directly attributable to his ability as an organist and pianist and a consequent demand of fraternal and civic organizations for his services in this capacity'. "

Defendant argues that it appears from plaintiff's answer to the interrogatory that the alleged injury to plaintiff's finger has not resulted in any pecuniary loss; that it is evident that plaintiff is seeking compensation for a loss or diminution of opportunities to attend certain functions of fraternal and civic organizations which he believed he might otherwise have been able to attend at a reduced cost; and that there is no question of loss of earnings or of inability to pursue the occupation or calling from which the plaintiff derives his livelihood. The argument is unavailing. Plaintiff is not limited in his claim for damages to loss of earnings from his primary occupation. He may further claim for loss of earnings from any number of occupations in which he was engaged. Nor are "earnings" limited to monetary sums. They may be in any form so long as they have monetary value. Certainly, railroad and bus trips, hotel accommodations, meals, initiation fees and membership dues have monetary value. That earnings were paid in forms of entertainment or recreation furnishes no valid objection. Defendant's motion for a summary judgment must be denied.

Motion to amend complaint. Plaintiff moves to add the following new paragraph to his amended complaint:

"9 (a) Plaintiff further says that in said avocation or accomplishment as a pianist and organist he has been accustomed for many years to render both public and private performances on said instruments, without pecuniary reward but from which he has been accustomed to derive great mental and spiritual comfort and enjoyment, of which such comfort and enjoyment he is now wholly deprived, and will be permanently deprived as aforesaid."

In objecting to the amendment, defendant urges that it consists of matter which is redundant and immaterial and that it is not a proper item of special damages. Plaintiff apparently concedes that the purpose of the amendment is to assert special damages. It is obvious that many permanent injuries for which actions have been brought in the past have resulted in deprivation of "mental and spiritual comfort and enjoyment" of one sort or another, in varying degrees. Notwithstanding this, such deprivation has not of itself been recognized in earlier Delaware cases as a separate subject of special damages. Of course, damages are recoverable for pain and suffering and for permanent injuries. If plaintiff establishes that his finger is permanently impaired, he will be entitled to recover a reasonable sum to compensate him for the impairment or disability. In evaluating the degree of impairment and in assessing damages, the jury may take into consideration all of the activities—business, pleasure and otherwise—which the impairment impedes or prevents. However, to direct the jury to allow, in addition, special damages for deprivation of pleasure would seem to me an unwarranted change in our law of damages as established by long practice. Leave to file the proposed amendment will, therefore, be denied.

Objections to plaintiff's interrogatories. The interrogatories objected to are as follows:

"1. Give the names and present addresses of all persons who, on behalf of the defendant, have been interviewed or from

whom statements, written or oral, have been received by the defendant in regard to the facts alleged in the complaint relating to the operation of the defendant's train at the time and place alleged and the stopping thereof at defendant's Wilmington yards.

"2. Give the names and addresses of all persons known to defendant who have knowledge of the facts specified in Interrogatory No. 1.

"3. Give the names and addresses of all persons who, on behalf of the defendant, have made an investigation of the facts alleged in the complaint, or in the preparation for the trial of this action, insofar as any such investigation relates to the subject matters stated in Interrogatory No. 1.

"4. Give the names and addresses of all persons who have in their possession written statements taken or written reports made, on behalf of the defendant, of the facts alleged in the complaint as limited by Interrogatory No. 1."

Defendant contends that the interrogatories go beyond the scope permitted by Rule 33; and further that they are improper "because they relate to matters which are privileged, by reason of the fact that they pertain to documents, statements and other information obtained by agents of the defendant for the purpose of being laid before the defendant's attorneys for guidance and use in impending litigation." In the alternative, defendant moves for an order "that plaintiff specifically limit the scope of its Interrogatories to information regarding matters, statements and documents which are not privileged" for the above reason. Annexed to the motion is an affidavit of a district claim agent who states that on being informed that plaintiff was making a claim against the defendant, he caused certain investigations to be made for the purpose of laying the results before defendant's legal advisors in order that their advice might be obtained regarding the defendant's liability, and for their guidance in ensuing litigation.

Superior Court Rule 33 relates to interrogatories to parties and provides:

"Any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by an officer or agent, who shall furnish such information as is available to the party. * * *

"Interrogatories may relate to any matters which can be inquired into under Rule 26(b); * * *."

Rule 26(b) relates to the scope of examination in depositions and provides: "Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

██ ██ Apart from the question of privilege, Interrogatories 1, 2 and 4 are clearly not beyond the scope of Rule 33. Compare: *McNamara* v. *Erschen,* (*D. C.*) 8 *F. R. D.* 427. But, plaintiff has not shown that the information sought in Interrogatory No. 3 is a proper subject of inquiry. It seems to me beyond the scope of the Rule to ask the names of those who, on defendant's behalf, have "made an investigation of the facts alleged in the complaint, or in the preparation for the trial of this action." To require defendant to furnish the names of its investigators, as such (in contrast with furnishing the names of persons having knowledge of

the facts, or who have been interviewed or have made statements concerning the facts), would serve no permissible purpose, from all that appears in the present record.

As to the objection on the ground of privilege, defendant relies on *Reeves* v. *Pennsylvania Railroad Company,* (*D. C.*) 8 *F. R. D.* 616, and *Wise* v. *West. Union Tel. Co.,* 6 *W. W. Harr.* 456, 178 *A.* 640. Plaintiff contends that the subject matter is not privileged, under the authority of *Hickman v. Taylor,* 329 *U. S.* 495, 67 *S. Ct.* 385, 91 *L. Ed.* 451 (the Superior Court Rules concerned are similar to corresponding Federal Rules of Civil Procedure). The McNamara and Wise cases dealt with the production of documents. In the McNamara case, Judge Rodney denied a motion of the plaintiff for the production of written statements of various persons obtained by the defendant in connection with an investigation of matters alleged in the complaint, on the ground that such statements were privileged under the rule of the Wise case, and that he was bound by the Delaware law in the case before him. In the Wise case, the Superior Court (prior to the adoption of the present rules) ordered the production of documents requested, but indicated a preference for the then prevailing rule in England which is stated thus in the opinion, 6 *W. W. Harr.* at page 466, 178 A. at page 644: " ' Documents prepared in relation to an intended action whether at the request of a solicitor or not and whether ultimately laid before the solicitor or not, are privileged if prepared with a bona fide intention of being laid before him for the purpose of taking his advice; and an inspection of such documents cannot be enforced.' "

I adopt Judge Rodney's reasoning in the McNamara case; namely, that the present Superior Court Rules, in excluding privileged matters, do not change the pre-existing law governing what matters are privileged as stated in the Wise case. Here, however, defendant would extend the privilege far beyond the holding and reasoning of the Wise case. Defendant objects to the interrogatories

because they "pertain to documents, statements and other information" obtained by agents of defendant for submission to its attorney. The relevant privilege is that such documents themselves need not be produced. Although a request for copies of the documents or for a statement of their contents would be improper, the mere circumstance that matters "relevant to the subject matter involved in the pending action" or "reasonably calculated to lead to the discovery of admissible evidence" came to the knowledge of the interrogated party by means of such documents or the investigation on which they were based would not make the matters privileged or justify withholding them. Thus, if defendant here would be liable to answer Interrogatories 1 and 2 but for documents privileged under the Wise case, this would not render the information requested privileged.

On the other hand, Interrogatory No. 4 is objectionable insofar as it relates to statements taken or reports made for submission to defendant's attorneys, referred to in the affidavit filed by defendant. Since such statements and reports themselves need not be produced, no reason appears why the names and addresses of persons who have them in their possession would be either relevant to the subject matter of the action, or calculated to lead to the discovery of admissible evidence.

Defendant's objections to Interrogatories Nos. 1 and 2 should be overruled; the objections to Interrogatory No. 3 sustained; and the alternative motion granted with respect to Interrogatory No. 4.

Orders will be entered in conformity with this opinion.