MARY M. SWILER, APPELLEE, v. BAKER'S SUPER MARKET, INC., APPELLANT.

277 N. W. 2d 697

Filed April 24, 1979. No. 42141.

Ronald H. Stave and Lee H. Hamann of the Law Offices of Emil F. Sodoro, P.C., for appellant.

Michael J. Mooney and Michael McCormack of McCormack, Cooney & Mooney, for appellee.

Heard before KRIVOSHA, C. J., McCOWN, CLINTON, and BRODKEY, JJ., and IRONS, District Judge.

IRONS, District Judge.

This is an action to recover damages for personal injuries sustained by plaintiff on March 15, 1976, when she tripped upon a floor mat and fell in the defendant's store while there to make a purchase. The jury returned a verdict for the plaintiff in the amount of $45,000. The defendant appeals.

The principal issues raised in this appeal are: (1) Was the evidence sufficient to submit the case to the jury; (2) did the instructions contain specifications of negligence not supported by the evidence; (3) did the court err in allowing testimony of the past

practice of the defendant relative to taping or securing the mat to the floor; and (4) was an instruction which permitted the jury to consider loss of enjoyment of life in determining damages erroneous in that it allowed duplication of elements of damage?

The evidence shows that plaintiff entered the store at one of two main entrances controlled by automatic door opening devices which operate when pressure is exerted by stepping on a rubber mat in front of the door. Immediately inside the door was another mat or carpet which had been placed upon the floor of the store to keep the floor from becoming wet and slippery because of the wet and rainy conditions on that particular day. Evidence also shows the defendant had used this procedure on wet and rainy days previous to plaintiff's fall, that it was defendant's usual practice to tape this mat to the floor to keep it from slipping, and that defendant had not done so on the day of plaintiff's fall. Plaintiff testified she tripped over this mat upon entering the store and that she had not noticed anything unusual about the mat until after her fall when she saw the bunching or bulging of the end of the mat just inside the door. Other witnesses testified as to the condition of the mat after plaintiff's fall. There was other testimony that the mat had a tendency to slide if not fastened. It could be inferred that the bulge in this instance was caused by the movement of the mat against the post of the rails at the doors.

The plaintiff sustained serious injury requiring medical care, hospitalization, and permanent injury with undisputed special damage of approximately $15,000. Plaintiff was 75 years of age on the date of the fall and 77 at the time of trial. We affirm.

We conclude that from all the evidence adduced by the plaintiff, including defendant's employees, that a prima facie case was made by the plaintiff and that this then became a matter for the jury to determine. In determining the question of whether

the evidence is sufficient to submit the issues of negligence and contributory negligence to the jury, a party is entitled to have all conflicts in the evidence resolved in her favor and the benefit of every reasonable inference that may be deduced from the evidence, and if reasonable minds might draw different conclusions from a set of facts thus resolved in favor of a party, the issues of negligence and contributory negligence are for the jury. Pearson v. Richard, 201 Neb. 621, 271 N. W. 2d 326. This court said in the Pearson case that: "Negligence is a question of fact and may be proven by circumstantial evidence and physical facts."

A litigant is entitled to have the jury instructed only upon those theories of the case which are presented by the pleadings and which are supported by competent evidence. Vistron Corp. v. Scoular-Bishop Grain Co., 194 Neb. 696, 234 N. W. 2d 906. Again, the record clearly shows that sufficient evidence appears to instruct the jury, in the court's instruction No. 2, on all elements pleaded by the plaintiff. The court further cautioned the jury in instruction No. 5 that both the plaintiff and defendant's pleadings were merely their statements and contentions and were not to be considered by the jury as evidence.

The trial court allowed the plaintiff to introduce evidence, over the defendant's objection, relative to the defendant's past practice of taping or securing the mat in question to the floor in order to prevent bulging.

In Wilbur v. Schweitzer Excavating Co., 181 Neb. 317, 148 N. W. 2d 192, the court said that: "Upon the issue of negligence or contributory negligence, evidence of the ordinary practice or of the uniform custom, if any, of persons in the performance under similar circumstances of acts like those which are alleged to have been done negligently is generally competent evidence."

The defendant contends the court erred, in including as a part of its general instruction on damages for personal injury, a statement that the jury could "take into consideration" the "loss of enjoyment of life experienced and reasonably certain to be experienced in the future." The argument is that this part of the instruction represents a duplication of the elements of permanent disability and of pain and suffering, and thus the jury was permitted to award double damages for the same loss. There was evidence introduced to support the plaintiff's diminished capacity to enjoy life with respect to activities formerly enjoyed, deprivations of pleasure, and inconvenience.

The defendant points out the Nebraska pattern jury instructions relative to damages for personal enjoyment include no instruction related to loss of enjoyment of life and that no precedent of this court authorizes such an instruction. It cites and relies upon Winter v. Pennsylvania R. R. Co., 45 Del. 108, 68 A. 2d 513; and Indianapolis St. R. Co. v. Ray, 167 Ind. 236, 78 N. E. 978. A majority of courts, however, have approved inclusion of loss of enjoyment of life as a consideration that may be instructed upon in a proper case and be considered by the jury in determining the amount of damages suffered by the plaintiff because of personal injury for which the defendant is liable. See the cases cited at 15 A. L. R. 3d 514, and Powell v. Hegney, 239 So. 2d 599 (Fla. App., 1970); Pierce v. New York Central Railroad Company, 409 F. 2d 1392 (6th Cir., 1969); and Hildyard v. Western Fasteners, Inc., 522 P. 2d 596 (Colo. App., 1974).

Loss of enjoyment of life may, in a particular case, flow from a disability and be simply a part thereof, and where the evidence supports it, may be argued to the jury. A separate instruction therein may be redundant. We do not recommend such an instruction be given, but find that under the facts of this

particular case, where there is evidence from which the jury could find the injuries and resulting disability did cause loss of enjoyment of life, there was no error in giving the instruction, and we do not believe the jury was in any way misled.

The judgment of the District Court is affirmed.

AFFIRMED.