**Susan E. CLEMENT, Plaintiff,**

v.

**CONSOLIDATED RAIL CORP., et al., Defendants.**

Civ. No. 88–3793 (CSF).

United States District Court, D. New Jersey.

Sept. 22, 1989.

---

**152**

Nicholas R. Perrella, Picco, Mack, Kennedy, Jaffe, Perrella & Yoskin, Trenton, N.J., for plaintiff.

Samuel D. Lord, Connell, Foley & Geiser, Roseland, N.J., for defendant, Consol. Rail Corp.

Michelle Hydrusko, Carptenter, Bennett & Morrissey, Newark, N.J., for defendant, American President Lines, Ltd.

Christina Strong, Smith, Stratton, Wise, Heher & Brennan, Princeton, N.J., for defendant, Pennsylvania Truck Lines, Inc.

## ORDER

CLARKSON S. FISHER, Senior District Judge.

The court having received a report and recommendation from the Honorable Freda L. Wolfson, United States Magistrate, and the court being in agreement with the report and recommendation, it is on this 22nd day of September, 1989,

ORDERED that the report and recommendation of the magistrate dated and filed August 24, 1989, recommending that the court deny the motions of defendants Consolidated Rail Corp. and Pennsylvania Truck Lines, Inc. to dismiss paragraph F of the Request for Relief in plaintiff's complaint, is approved and adopted by the court; and it is further

ORDERED that defendants' motions to dismiss paragraph F of the complaint be and hereby are denied.

1. Plaintiff's causes of action sound in negligence, gross negligence, intentional misconduct and strict liability. In addition there is a breach of warranty claim against defendant Theurer, Inc.

## REPORT AND RECOMMENDATION

FREDA L. WOLFSON, United States Magistrate.

In this diversity jurisdiction case, the plaintiff, Susan Clement, sues in her capacity as administratrix of Thomas Clement's estate, individually, and as legal guardian for two minors pursuant to New Jersey's wrongful death act, *N.J.S.A.* § 2A:31–1 *et seq.* (West 1987) and survival statute, *N.J. S.A.* § 2A:15–3 (West 1987). In brief, plaintiff alleges that because of the defendants' tortious conduct[1], Thomas Clement was injured and killed when the pick-up truck he was driving struck several trailer chassis. The complaint alleges that Mr. Clement was alive from the time of impact until approximately two hours later.

Currently before the court are motions brought by defendants Consolidated Rail Corp. ("ConRail") and Pennsylvania Truck Lines, Inc. ("Pennsylvania Truck") to dismiss paragraph F of the Request for Relief in plaintiff's complaint.[2] Defendant American President Lines, Inc. has joined in the motions but, acting as a free rider, has submitted no papers of its own. This matter has been referred to me for a Report and Recommendation pursuant to 28 U.S.C. § 636.

In paragraph F plaintiff seeks damages for loss of life's enjoyment, sometimes known as hedonic damages. The paragraph at issue requests that the court enter judgment "Ordering defendants, Consolidated Rail Corporation, Pennsylvania Truck Lines, Inc., American President Lines, Inc. and Theurer, Inc., jointly and severally to pay plaintiff, as Administratrix Ad Prosequendum of the decedent's estate, an amount not less than $1,000,000.00 for the loss of the enjoyment of life as recognized by the United States Court of Appeals for the Seventh Circuit in *Sherrod* v.

2. ConRail had also moved to dismiss paragraph G of the Request for Relief. That paragraph seeks punitive damages. At oral argument counsel for ConRail withdrew that motion, without prejudice to refiling it at a later date.

[sic] *Berry*, 827 F.2d 195 (7th Cir.1987)." Defendants seek to have this paragraph striken pursuant to *Fed.R.Civ.P.* 12(b)(6) for failure to state a claim upon which relief can be granted.

In a Rule 12(b)(6) motion the court must assume that the factual allegations in the complaint are true. *See D.P. Enterprises, Inc. v. Bucks County Community College*, 725 F.2d 943 (3d Cir.1984). The motion can be granted only if it appears to a certainty that under no set of facts that could be proved could the relief be granted. *Id.* As will be discussed more fully herein, the court recommends that the motions be denied to the extent that the court finds that hedonic damages [3] may be available for the two hour period the decedent lived following the accident.

## I.

Since this court sits in diversity, it must apply the substantive law of New Jersey, *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), as determined by the New Jersey Supreme Court, the highest court in the state. *See Commercial Union Insurance Co. v. Bituminous Casualty Co.*, 851 F.2d 98 (3d Cir.1988).

■ Thus, this court notes that plaintiff's reliance on *Sherrod v. Berry*, 827 F.2d 195 (7th Cir.1987), *vacated on other grounds*, 835 F.2d 1222 (7th Cir.1988), is misplaced. The *Sherrod* court did not construe New Jersey substantive law to reach its decision regarding hedonic damages. Therefore, that decision is not controlling in the instant case where New Jersey law must be applied.

Furthermore, while the *Sherrod* court held that 42 U.S.C. § 1983 permitted an award for hedonic damages, *Sherrod* and each of the cases on which it relied are specifically limited to § 1983 actions; the rationale is that allowing such recovery is consistent with the deterrent policy of § 1983. *See Bell v. City of Milwaukee*, 746 F.2d 1205, 1240 (7th Cir.1984); *Bass v.*

*Wallenstein*, 769 F.2d 1173, 1190 (7th Cir. 1985). *See, generally,* Comment, *Hedonic Damages in Section 1983 Actions: A Remedy for the Unconstitutional Deprivation of Life*, 44 Wash. & Lee L.Rev. 321 (1987). Indeed, the *Bell* court specifically stated that hedonic damages were not available to a plaintiff under that state's tort law and statutes, but that such damages were only permitted pursuant to § 1983.

Here, plaintiff's claim does not derive from § 1983. While a limited award of hedonic damages may be available to her, as explained more fully herein, such an award is not based on *Sherrod* or its underpinnings.

This court must now determine whether the New Jersey Supreme Court has ever addressed whether hedonic damages are available in a personal injury action. It has not. Plaintiff's claim that, *Ayers v. Township of Jackson*, 106 N.J. 557, 525 A.2d 287 (N.J.1987), where the state supreme court affirmed an Appellate Division decision that the plaintiffs could collect damages for a reduction in their "quality of life," is applicable here, is simply not correct.

*Ayers* is inapposite for two reasons. First, the court was construing the types of damages available under the New Jersey Tort Claims Act, *N.J.S.A.* 59:9–2(d) (West 1982). That statute is not at issue here. Second, in *Ayers* the plaintiffs claimed that the defendant had created a nuisance. The *Ayers* court noted that "... plaintiffs' claim for quality of life damages is derived from the law of nuisance." *Ayers*, 106 N.J. at 571, 525 A.2d 287. A nuisance is a tortious interference with the use and enjoyment of land. W. Keeton, Prosser and Keeton on the Law of Torts (5th ed. 1984), § 87 at 619 [hereinafter Prosser and Keeton]. In contrast, this is a personal injury action. The State Supreme Court at no time indicated that hedonic damages would be available in such an action. The New Jersey Supreme Court has addressed the issue of quality of life damages *only* in the context of a nuisance action.

---

**3.** For reasons stated herein, the court will not substantively address whether hedonic damages are separate from or an element of damages for pain and suffering.

Since the Supreme Court has not addressed the issue of hedonic damages in a personal injury action, this court must predict how that court would rule if presented with the issue today. *See Adams v. Madison Realty and Development, Inc.,* 853 F.2d 163 (3d Cir.1988). In making this prediction the decisions of lower appellate courts can be persuasive and constitute presumptive evidence of state law. *See Commercial Union Insurance Co.* This presumption can be rebutted by evidence that the state supreme court would rule to the contrary. *See General Electric Credit Corp. of Tenn. v. Ger–Beck Machine Co., Inc.,* 806 F.2d 1207 (3d Cir.1987).

In addition to appellate decisions, this court must consider other relevant state precedent, analogous decisions of other jurisdictions, *dicta,* scholarly work and other reliable information which can convincingly show how the state supreme court would rule. *See McGowen v. University of Scranton,* 759 F.2d 287 (3d Cir.1985).

There are only two New Jersey cases that address this issue. In both *Kasiski v. Central Jersey Power and Light Co.,* 4 N.J.Misc. 130, 132 A. 201 (N.J.Sup.Ct.1926) and *Haeussler v. Consolidated Stone and Sand Co.,* 3 N.J.Misc. 159, 127 A. 602 (N.J. Sup.Ct.1925), the courts were asked to review the appropriate amount of damages. In ruling that the damages awarded the plaintiff were not excessive, the *Kasiski* court noted in *dictum* that the jury could award damages to the plaintiff, a minor injured by downed electric lines, for the "... impairment of his ability to enter into and enjoy those boyhood games and pastimes to the full extent as his playmates." *Kasiski,* 3 N.J.Misc. at 133, 132 A. 201. Similarly, in *Haeussler,* the court noted in *dictum* that the plaintiff could obtain damages for the reduction in her enjoyment of life suffered as the result of defendants' negligence.

Both cases were decided by what was then called the supreme court and is now the superior court. The former supreme court had both original and appellate jurisdiction. In both *Kasiski* and *Haeussler,* the then supreme court was acting as an appellate court reviewing trial court decisions. The *Kasiski* and *Haeussler* decisions, which have never been overturned, provide guidance as to how our state supreme court might rule on the issue if presented with it today.

These cases would appear to support the proposition that hedonic damages are potentially available to an injured party. But there is further reason to predict that our state supreme court would permit hedonic damages. There is a growing trend in jurisdictions across the country to permit juries to consider loss of life's enjoyment in some manner when awarding damages. *See, e.g., Dougald v. Garber,* 73 N.Y.2d 246, 538 N.Y.S.2d 937, 536 N.E.2d 372 (N.Y.1989), *Flannery v. United States,* 297 S.E.2d 433 (W.Va.1982), *Thompson v. National Railroad Passenger Corp.,* 621 F.2d 814 (6th Cir.1980), *cert. denied,* 449 U.S. 1035, 101 S.Ct. 611, 66 L.Ed.2d 497 (1980), and *Mariner v. Marsden,* 610 P.2d 6 (Wyo. 1980). Indeed most courts that have considered the issue have permitted juries to consider hedonic damages in personal injury cases. *See Rufino v. United States,* 829 F.2d 354 (2d Cir.1987) and *Swiler v. Baker's Super Market Inc.,* 203 Neb. 183, 277 N.W.2d 697 (Neb.1979). Furthermore, it appears that those cases denying such damages in any form are generally older decisions. Hermes, *Loss of Enjoyment of Life—Duplication of Damages Versus Full Compensation,* 63 N.D.L.Rev. 561 (1987). Moreover, the New Jersey Supreme Court has expressly noted that the state has a "vastly expanded scope ... of recoverable damages." *Green v. Bittner,* 85 N.J. 1 at 13, 424 A.2d 210 at 216 (N.J. 1980).

But the defendants contend that hedonic damages are punitive and therefore unavailable to the plaintiff. That is simply not correct; the reduction in an injured person's quality of life is directly linked to the injury suffered. *See Flannery* and *Thompson, supra.*

A basic goal of tort law is to compensate an injured party when a defendant's behavior has in some way been unreasonable. Prosser and Keeton, § 4 at 20. Hedonic

damages provide part of such compensation. While monetary damages can never make a person whole again such damages are the only remedy available to plaintiffs and the judicial system. When a person has been injured by someone's wrongful conduct and that person's quality of life has been diminished she should be entitled to recover for that loss. *See Lebesco v. Southeastern Pennsylvania Transportation Authority,* 251 Pa.Super. 415, 380 A.2d 848 (Pa.Super.Ct.1977).

New Jersey's expansive view of damages, the *dicta* of *Kasiski* and *Haeussler,* the general trend of other jurisdictions that have considered this issue and the basic policy of tort law all point in a single direction: hedonic damages should be potentially available to plaintiffs in personal injury actions. This court believes that the New Jersey Supreme Court, if faced with this issue today, would consider these factors and so rule.

## II.

Counsel then address whether hedonic damages are part of a pain and suffering award or whether they should be a separate award. Plaintiff's counsel has extensively argued that not only are hedonic damages a cognizable form of relief, but also that they are separate and in addition to damages for pain and suffering. Conversely, the defendants have argued that at the very least hedonic damages are a part of and not separate from damages awarded for pain and suffering. It is unnecessary and beyond the scope of the instant motion to determine whether hedonic damages are part of damages for pain and suffering or a separate element of damages.

The motion currently before the court is a motion to dismiss part of the complaint. None of the cases cited to or found by the court on hedonic damages arose in the context of a Rule 12(b)(6) motion. Generally the cases involved challenges to either a jury award or a jury charge. I agree that it is in the context of instructing the jury and considering requests to charge that this additional issue should be addressed. It is recommended that the court not address this precise issue in the context of this motion.

## III.

As stated above, this court believes that the New Jersey courts, if faced with the issue today, would rule that hedonic damages are available under New Jersey common law.

■ However, at common law, a personal cause of action, such as Mr. Clement's, dies when the injured party passes away. *See Canino v. New York News, Inc.,* 96 N.J. 189, 475 A.2d 528 (N.J.1984). Since Mr. Clement died shortly after the accident, this Court must determine whether hedonic damages are available to this plaintiff, Mrs. Clement, who seeks such damages in her capacity as administratrix of Mr. Clement's estate.

The executor or administrator of an estate "... may have an action for any trespass done to the person or property, real or personal, of their testator or intestate against the trespasser and recover their damages as their testator or intestate would have had if he was living." *N.J.S.A.* 2A:15–3 (West 1987). This statute relieves the injustice of the common law rule and is "highly remedial" in nature. *See Canino.* However, the only damages that can be collected under the statute are those that were suffered between the time of injury and the time of death. *See Alfone v. Sarno,* 168 N.J.Super. 315, 403 A.2d 9 (App. Div.1979), *aff'd as modified,* 87 N.J. 99, 432 A.2d 857 (N.J.1981), and *Foster v. Maldonado,* 315 F.Supp. 1179 (D.N.J.1970), (construing New Jersey law), *petition denied,* 433 F.2d 348 (3d Cir.1970). Damages that are suffered from the time of death forward are therefore unavailable.

Plaintiff alleges that Mr. Clement survived the accident for up to approximately two hours. Since this allegation must be accepted as true in this Rule 12(b)(6) motion, hedonic damages are potentially available to her. If plaintiff prevails on the issue of liability, then under the survival statute she may obtain hedonic damages for the period after the accident during which Mr. Clement was alive.

But the plaintiff contends that hedonic damages are available to her for Mr. Clement's full life expectancy. Counsel has not cited to any cases in which hedonic damages were available for the time following the injured party's death, except those cases construing 42 U.S.C. § 1983. As discussed, *supra,* those cases are not applicable here. Furthermore, as already noted, hedonic damages for this time period are not permitted by the survival statute. Nonetheless, plaintiff would have this Court believe that such damages are available based on the state supreme court decision of *Green v. Bittner,* 85 N.J. 1, 424 A.2d 210 (N.J.1980). This position ignores both the facts of *Green* and the purpose of the statute it construes.

In *Green* the Court faced the task of interpreting the state's wrongful death act, *N.J.S.A.* 2A:31-1 *et seq.* (West 1987). In relevant part the Act states,

"In every action brought under the provisions of this chapter the jury may give such damages as they shall deem fair and just with reference to the pecuniary injuries resulting from such death, together with the hospital, medical and funeral expenses incurred for the deceased, to the persons entitled to any intestate personal property of the decedent." *N.J. S.A.* 2A:31-5 (West 1987).

The purpose of the wrongful death act is to compensate persons other than the decedent for their pecuniary losses suffered as a result of the decedent's death. *See Curtis v. Finneran,* 83 N.J. 563, 417 A.2d 15 (N.J.1980). It is not to compensate for losses to the decedent. That is the purpose of the survival statute. It is clear from the papers submitted in opposition to this motion that Mrs. Clement is seeking the hedonic damages incurred by Mr. Clement. These damages are not available under the wrongful death act; they are only available under the survival statute. And, as stated previously, under the survival statute, damages may only be collected for the period between the time of injury and death.

Furthermore, had Ms. Clement sought hedonic damages for her own loss of enjoyment of life suffered as the result of her husband's death she still could not prevail under the wrongful death act. The state supreme court has repeatedly acknowledged that this statute permits recovery only for pecuniary losses and not for emotional losses, loss of companionship or loss to society. *See, e.g., Green, Curtis* and *Russel v. Salem Transportation Co., Inc.,* 61 N.J. 502, 295 A.2d 862 (N.J.1972). While a reduction in life's enjoyment is certainly a damage suffered by a surviving spouse, it is emotional in nature rather than pecuniary.

IV.

At argument, plaintiff's counsel contended that the result urged by this court—permitting recovery of hedonic damages solely for the period during which Mr. Clement was still alive—is harsh and inequitable. If an injury is severe and a person dies quickly, that person would collect hedonic damages for a shorter period than one who is less severely injured and dies after a longer interval.

But it is not for this court to comment upon the equitable nature of this result. This court is bound by the statutes and common law of New Jersey. While the New Jersey Supreme Court has not addressed the precise issue of hedonic damages being awarded for a period after death, that does not give this court *carte blanche* to ignore the plain language of the relevant state statutes. *See Copeland v. Johns–Manville Products Corp.,* 492 F.Supp. 498 (D.N.J.1980).

If counsel wishes to change the harsh result he perceives to have obtained here, ultimately he will have to seek that change through the state legislature. Only that body can change the survival statute and wrongful death act.

In summary, this court recommends that the motions to dismiss paragraph F of the Request for Relief be denied, since hedonic damages are potentially available to the plaintiff for the period up until Mr. Clement's death. The motion to dismiss the request for punitive damages has been

withdrawn and, therefore, need not be addressed.

Dated: August 24, 1989.