725 F.2d 943
 15 Ed. Law Rep. 1131
 D.P. ENTERPRISES, INC. t/a Delmarva Petrolene Company and
Throckmorton, Mark Scott, Throckmorton, David
Gary, Sr., Throckmorton, David Gary,
Jr., and MacQueen, William, Appellants,
v.
BUCKS COUNTY COMMUNITY COLLEGE.
 No. 83-1326.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6)
Jan. 9, 1984.
 Decided Jan. 20, 1984.
 
 Marc M. Orlow, Rubin, Shapiro & Slass, Philadelphia, Pa., for appellants.
 Joseph Goldberg, Jay E. Mintzer, Margolis, Edelstein, Scherlis, Sarowitz & Kraemer, Philadelphia, Pa., for appellee.
 Before ALDISERT, HIGGINBOTHAM, and SLOVITER, Circuit Judges.
 OPINION OF THE COURT
 ALDISERT, Circuit Judge.
 
 
 1
 The question for decision in this appeal in a diversity action based on Pennsylvania law is whether the district court erred in dismissing the complaint. Because the parties were not precise in identifying the motion for dismissal, we shall proceed as if we are reviewing the grant of a motion made under Rule 12(b)(6) of the Federal Rules of Civil Procedure--failure to state a claim upon which relief can be granted.
 
 
 2
 Plaintiffs, an employer and certain of its employees, appellants herein, brought a negligence action against the Bucks County Community College for injuries sustained when they were engaged by the college to clean out the fuel residue and sludge which remained in a fuel tank owned by the college and located on its premises. In their verified complaint plaintiffs contended that, unknown to them, the fuel tank contained Freon II, which, acting in conjunction with other components in the tank, created a heavy blanket of Freon-laden air that caused the individual appellants to lose consciousness. They alleged that these materials were dumped in the fuel oil tank, under the cover of darkness, by college personnel so they could be removed from the premises by appellants.
 
 
 3
 The district court did not meet the merits of the complaint because it agreed with the college that the action was barred by the Pennsylvania Political Subdivision Tort Claims Act, 42 PA.CONS.STAT.ANN. Secs. 8501-8564 (Purdon Supp.1982). The college contended, and the district court agreed, that the Act extends a broad grant of immunity pursuant to 42 PA.CONS.STAT.ANN. Sec. 8541:
 
 
 4
 Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.
 
 
 5
 Appellants argued below, and reassert here, that the alleged circumstances came within 42 PA.CONS.STAT.ANN. Sec. 8542(b)(5), one of the exceptions to governmental immunity:
 
 
 6
 (b) Acts which may impose liability.--The following acts by a local agency or any of its employees may result in the imposition of liability on the local agency:
 
 
 7
 ....
 
 
 8
 (5) Utility service facilities.--The dangerous condition of the facilities of steam, sewer, water, gas or electric systems owned by the local agency and located within rights-of-way, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or can reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.
 
 
 9
 The district court rejected this attempt to place the averred facts within the cited exception, and concluded that:
 
 
 10
 The plaintiff apparently feels that the fuel tank in question is part of the gas system owned by the local agency. The pleadings in this case clearly show, however, that the tank contained fuel oil, not gas. Furthermore, there is no evidence to suggest, nor does the plaintiff allege, that the facility in question was located within rights-of-way.
 
 
 11
 App. at 85a. In denying a motion for reconsideration, the district court further stated that it did "not believe that the fuel tank in question was part of the 'facilities of steam,' as that phrase is used in 42 Pa.C.S.A. Sec. 8542." Id. at 98a.
 
 
 12
 Because appellate consideration of a final district court order dismissing a complaint involves a question of law, our review is plenary. Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98 (3d Cir.1981). The relevant legal precept is a familiar one; in deciding a Rule 12(b)(6) motion, factual allegations of the complaint are to be accepted as true and the complaint should be dismissed only if it appears to a certainty that no relief could be granted under any set of facts which could be proved. Reasonable factual inferences will be drawn to aid the pleader. Amalgamated Transit Union v. Byrne, 568 F.2d 1025, 1031 (3d Cir.1977) (in banc) (Aldisert, J., dissenting); Knuth v. Erie-Crawford Dairy Cooperative Ass'n, 395 F.2d 420 (3d Cir.1968). Measured against this test, we are required to reverse the district court's judgment and remand this case for further proceedings.
 
 
 13
 First, we disagree with the conclusion that the pleadings in this case "clearly show, however, that the tank contained fuel oil, not gas." Paragraph 17 of the complaint specifically averred that the tanks contained "Freon II which acted in conjunction with the other components in the tank to push the oxygen out of the tank leaving a heavy blanket of freon laden air which caused Plaintiffs to lose consciousness. The oil tank also contained an excessive amount of old fuel additives and other oils accumulated in [the] boiler room over the past seven (7) years." App. at 4a. Moreover, the complaint stated that the fuel tank was located on the college "premises." This averment does not foreclose proof that the tank was located in a right-of-way. Finally, the district court precluded proof that the fuel tank was part of "facilities of steam," app. at 98a, even though paragraph 17 of the complaint alleged a relationship between the tank and a "boiler room."
 
 
 14
 The judgment of the district court dismissing the complaint will be reversed and the cause remanded for further proceedings.