**In re GENERAL MOTORS CLASS E STOCK BUYOUT SECURITIES LITIGATION.**

**Master File No. 87–47–SLR.**

United States District Court,
D. Delaware.

April 30, 1992.

Clark W. Furlow, of Smith, Katzenstein & Furlow, Wilmington, Del., Liaison Counsel, Nicholas E. Chimicles and M. Katherine Meermans, of Greenfield & Chimicles, Haverford, Pa., Lead Counsel, Michael J.

Freed and Kenneth A. Wexler, Esquire, of Much Shelist Freed Denenberg Ament & Eiger, P.C., Robert A. Holstein and Stephanie Whitman, of Holstein, Mack & Dupree, Marvin A. Miller and Patrick Cafferty, of Washlow, Chertow & Miller, Frederic F. Brace, Jr. and Ellen A. Rubel, of the Law Offices of Frederic F. Brace, Jr., Chicago, Ill., co-counsel, for plaintiffs.

William O. LaMotte, III and Thomas Reed Hunt, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., Stephen C. Neal, Robert J. Kopecky and Helen E. Witt, of Kirkland & Ellis, Chicago, Ill., for defendants General Motors Corp. and Electronic Data Systems Corp., Michael J. Basford and Louis H. Lindeman, Jr., of General Motors Corp., Detroit, Mich., of counsel, for defendant General Motors Corp.

Thomas A. Beck, of Richards, Layton & Finger, Wilmington, Del., Dennis J. Block, Irwin H. Warren, Stephen A. Radin and Kenneth J. Ashman, of Weil, Gotshal & Manges, New York City, for General Motors Corp. Director defendants Anne L. Armstrong, Catherine B. Cleary, James H. Evans, Walter A. Fallon, Charles T. Fisher, III, Marvin L. Goldberger, John J. Horan, Howard H. Kehrl, Thomas A. Murphy, Edmund T. Pratt, Jr., James D. Robinson, III, John G. Smale, Leon H. Sullivan, Dennis Weatherstone and Thomas H. Wyman.

Grover C. Brown and Lewis H. Lazarus, of Morris, James, Hitchens & Williams, Wilmington, Del., Roy L. Reardon and Joseph F. Tringali, of Simpson, Thacher & Bartlett, New York City, for General Motors Corp. Director defendants Donald J. Atwood, F. James McDonald, Lloyd E. Reuss, F. Alan Smith, Robert B. Smith, and Robert C. Stempel.

Bruce M. Stargatt and David C. McBride, of Young, Conaway, Stargatt & Taylor, Wilmington, Del., for defendant H. Ross Perot; Evan R. Chesler and Thomas G. Rafferty, of Cravath, Swaine & Moore, New York City, of counsel.

## OPINION

ROBINSON, District Judge.

## INTRODUCTION

Plaintiff shareholders filed, *inter alia,* derivative claims against General Motors Corporation ("GM") as a nominal defendant, certain directors of GM, and H. Ross Perot, former director of GM and former chairman of the board of directors of Electronic Data Systems ("EDS"). Plaintiffs challenged the repurchase by GM of stock and related contingent notes from H. Ross Perot and other EDS officers, contending (in Counts V and VI, respectively, of their Second Amended Consolidated Complaint, docket item, "D.I.", 57) that the buyout constituted a waste of corporate assets and a breach of the director defendants' fiduciary duty. Plaintiffs made a prelitigation demand upon the GM board of directors ("GM Board"), which was refused. Defendants moved to dismiss Counts V and VI on the ground that the refusal of demand allegations contained in the complaint were legally insufficient.

This Court concluded that plaintiffs' wrongful refusal of demand allegations were sufficient to state a cause of action under Delaware law. *In re General Motors Class E Stock Buyout Securities Litigation,* 694 F.Supp. 1119, 1132–34 (D.Del. 1988). More specifically, the Court opined that, in the context of a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept as true the factual allegations of the complaint, even when contradicted by the record. *Id.* at 1133 n. 14. The standard embraced by the Court in reviewing the factual allegations of the complaint was that of gross negligence. The Court determined that under Delaware law, "plaintiffs [at bar] must allege facts to support the conclusion that the [GM] Board acted with so little information that their decision was 'unintelligent and unadvised,' or outside of the 'bounds of reason and recklessly.'" *Id.* at 1133 (citations omitted). The Court found the following allegations to be sufficient to withstand defendants' motions to dismiss under the gross negligence standard:

77. Prior to rejecting plaintiffs' demand, GM's Board did not review its initial decision to ratify the Perot transaction nor did it constitute a special com-

mittee to investigate the matter. Therefore, the Board's rejection of the demand was based upon the same misinformation and uninformed judgment as was the Board's approval of the Perot buyout. The rejection, as was the approval of the Perot transaction, was an uninformed director judgment and did not constitute an independent exercise of business judgment entitled to protection under the law.

78. Because the Board failed to conduct any inquiry in response to the shareholder demands made upon it or to appoint an independent committee to investigate the matter on its behalf, it compounded its initial error of ratifying the transaction without adequate information or consideration by wrongfully rejecting the shareholder demands made upon it.

The Court did not consider in its 12(b)(6) analysis the Board's refusal letter, *id.* at 1133 n. 14, deemed a part of the record on the motion to dismiss, *id.* at 1124 n. 5.

Please be advised that on February 2, 1987, following review of the matters set forth in your January 21, 1987 letter, the Board of Directors of General Motors Corporation unanimously determined that an attempt to rescind, or litigation, or other action concerning the transaction involving the purchase of General Motors Class E stock and related contingent notes from H. Ross Perot, is not in the best interests of the Corporation. Accordingly, the Board refused your demands.

(D.I. 29, 57)[1] The Court concluded:

The Complaint alleges that the Board neither reviewed its initial decision to approve the transaction nor made any inquiry in response to the demand letter. As alleged, the Board took no steps to obtain information prior to refusing the demand.

Plaintiffs have met the requirements of Rule 23.1 and may proceed with their derivative claims. The motion to dismiss with respect to Counts V and VI will therefore be denied.

Both the GM defendants and Perot filed motions for reargument (D.I. 94, 95), which motions were stayed (D.I. 135) pending resolution of related litigation in the Court of Chancery for the State of Delaware, *Levine v. Smith*, No. 8833, 1989 WL 150784 (Del.Ch. November 27, 1989), *aff'd* 591 A.2d 194 (Del.Sup.1991). For the reasons that follow, the GM defendants' motion will be granted.[2]

DISCUSSION

■ The GM defendants argue in support of their motion that "[t]his Court should decide this issue of Delaware corporate jurisprudence in accordance with the Delaware Supreme Court's decision in *Levine* on either of two alternative grounds: (1) as a matter of res judicata or collateral estoppel ..., or (2) because *Levine* is a controlling authority under the Delaware law...." (D.I. 171 at 2) I decline to formally apply the doctrines of *res judicata* or *collateral estoppel* under the circumstances at bar where, *inter alia*, this Court's decision was issued prior to that of the Delaware Supreme Court and the only subsequent federal proceeding is on defendants' motion for reargument. *Cf. Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Given the fact that the motion was specifically stayed, however, pending the decision in *Levine*, I believe it appropriate to review this Court's decision with the benefit of the Delaware Supreme Court's analysis in *Levine*.

In *Levine v. Smith*, the Delaware Supreme Court held that in order to rebut the business judgment presumption accorded a refusal of demand, the factual allegations must create a reasonable doubt of the inap-

---

1. The Board of Directors' refusal letter is referred to as attached in paragraph 76 of the Second Amended Consolidated Complaint (D.I. 57), and was physically attached to the consolidated complaint (D.I. 29).

2. Defendant Perot joined in the arguments set forth by the GM defendants, stating that if the GM defendants' motion were granted, his "alternative motion" for reconsideration would be moot. (D.I. 172, 175) Consequently, the Court will refer herein only to the GM defendants' motion for reargument. (D.I. 94)

plicability of the business judgment rule. Thus, in determining the sufficiency of a complaint to withstand dismissal under Court of Chancery Rule 23.1[3] on wrongful refusal of demand, such complaint must contain "well-pleaded allegations of fact which create a reasonable doubt that a board of directors' decision is protected by the business judgment rule." *Levine v. Smith*, 591 A.2d at 211.

■ Subsequent to both this Court's initial decision and that of the Delaware Supreme Court in *Levine v. Smith*, the United States Supreme Court in *Kamen v. Kemper Financial Services, Inc.*, —— U.S. ——, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991), examined the interplay between federal law and shareholder derivative actions in a demand excused context. The Court prefaced its analysis with an explanation of the precomplaint demand requirement:

> The purpose of the demand requirement is to "affor[d] the directors an opportunity to exercise their reasonable business judgment and 'waive a legal right vested in the corporation in the belief that its best interests will be promoted by not insisting on such right.' "

*Id.* 111 S.Ct. at 1716 (citations omitted). Having recognized that "the function of the demand doctrine in delimiting the respective powers of the individual shareholder and of the directors to control corporate litigation clearly is a matter of 'substance,' not 'procedure' ", *id.*, the Court held that state law—not federal law—provides "the source and content of the substantive law that defines the demand requirement...." *Id.* at 1717. Thus, federal courts hearing derivative actions must construe the demand requirement "as it is defined by the law of the State of incorporation." *Id.* at 1723. *See also Allison v. General Motors Corp.*, 604 F.Supp. 1106, 1120 (D.Del.),

*aff'd mem.* 782 F.2d 1026 (3d Cir.1985) ("Delaware state law controls whether the amended complaint sufficiently alleges that the GM Board wrongfully rejected plaintiff's demand.").

Plaintiffs at bar contend, in opposing defendants' motion for reargument, that the procedural requirements of Fed.R.Civ.P. 12(b)(6) and 23.1[4] create a "federal standard as to the specificity of facts alleged with regard to efforts made to urge a corporation's directors to bring the action in question." *RCM Securities Fund, Inc. v. Stanton*, 928 F.2d 1318, 1330 (2d Cir. 1991). Thus, according to plaintiffs, "[t]he *Levine* decision does not and cannot have any effect on [this Court's] decision to deny the motion[s] to dismiss the derivative claims, to the extent that the decision was based on this federal standard of specificity." (D.I. 173 at 15)

■ The fallacy in plaintiffs' analysis is that the federal pleading requirements on which they rely, which dictate when and how facts must be alleged, must be read in conjunction with state substantive law, which controls what facts must be alleged. As explained (in a demand excused context) by the Second Circuit in its *RCM Securities Fund, Inc. v. Stanton* decision, "the adequacy of [a shareholder's prelitigation demand] efforts is to be determined by state law.... [U]nder Delaware law ..., the particularized allegations of the complaint must raise a reasonable doubt as to ... whether the directors exercised proper business judgment" in refusing the shareholder's demand to bring litigation. *Id.* at 1328, 1330. Although the Second Circuit in *RCM Securities Fund, Inc. v. Stanton* concluded that "the particularized allegations of the complaint [did] create a reasonable doubt" sufficient to withstand defen-

---

**3.** Court of Chancery Rule 23.1 mirrors Fed. R.Civ.P. 23.1 and provides, in pertinent part: "The complaint [shall] ... allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors ... and the reasons for his failure to obtain the action or for not making the effort."

**4.** Fed.R.Civ.P. 23.1 requires, in a derivative action brought by a shareholder claiming that

corporate directors wrongfully refused the shareholder's demand to sue wrongdoing insiders on behalf of the corporation, that "[t]he complaint shall ... allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors ... and the reasons for the plaintiff's failure to obtain the action...."

dants' motion to dismiss, the Court did so by reviewing "the materials in the record". *Id.* at 1332. The Court noted in its analysis as well that: 1) few plaintiffs "can carry the considerable burden of showing that [a] decision not to bring [a] lawsuit was ... based on an unreasonable investigation ..."; and 2) the buy-out of a dissident shareholder's shares at a premium represented a proper business purpose, distinguishing *Grobow v. Perot*, 539 A.2d 180 (Del.Sup.1988) (a case arising out of the transaction at issue) from the facts present in *RCM.* 928 F.2d at 1328, 1335.

Returning to the matter *sub judice*, in compliance with Fed.R.Civ.P. 23.1, plaintiffs at bar referred in their Second Amended Consolidated Complaint to the GM Board of Directors' refusal letter dated February 6, 1987. Pursuant to Fed. R.Civ.P. 10(c), "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Therefore, such exhibits are properly considered in reviewing motions to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6). *See Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 & n. 6 (3d Cir.1990); *Melo–Sonics Corp. v. Cropp*, 342 F.2d 856, 858 (3d Cir. 1965). *Cf. Goodwin v. Elkins & Co.*, 730 F.2d 99, 113 (3d Cir.) (Becker, J. concur), *cert. denied* 469 U.S. 831, 105 S.Ct. 118, 83 L.Ed.2d 61 (1984). Pursuant to Fed. R.Civ.P. 12(b)(6), the factual allegations in a complaint must be accepted as true and "[r]easonable factual inferences will be drawn to aid the pleader," *D.P. Enterprises, Inc. v. Bucks County Community College*, 725 F.2d 943, 944 (3d Cir.1984). However, "a court need not accept any conclusory allegations or statements of law." *In re General Motors Class E Stock Buyout Securities Litigation*, 694 F.Supp. at 1125.

Having the benefit of the analyses in *Kamen* and *Levine* and reviewing, pursuant to Fed.R.Civ.P. 10(c), 12(b)(6) and 23.1, plaintiffs' Second Amended Consolidated Complaint with exhibits, I conclude that defendants' motion for reargument is well founded. "The business judgment rule accords directors the presumption that they acted on an informed basis...." *Levine v. Smith*, 591 A.2d at 214. Moreover, "[o]nce a demand is made ..., the challenge under Delaware law must be not to the underlying transaction, but to the board's decision not to bring the lawsuit." *RCM Securities Fund, Inc. v. Stanton*, 928 F.2d at 1328.

The GM Board's refusal letter indicates that the directors did review the matters at issue before they acted. Plaintiffs rebut this evidence and the attending business judgment presumption accorded a refusal of demand with allegations that do no more than state, in conclusory fashion, plaintiffs' ultimate contentions: that GM's Board failed in the first instance to conduct an adequate inquiry as to the merits of the underlying transaction and failed subsequently to conduct any inquiry in response to plaintiffs' prelitigation demands.[5] Plaintiffs' attempt to bootstrap the conclusory allegations concerning refusal of the demand with equally conclusory allegations concerning approval of the underlying transaction is inconsistent with the principles announced in *Kamen* and *Levine*. These allegations, therefore, do not constitute particularized facts sufficient to create a reasonable doubt that the GM Board's rejection of plaintiffs' demands was wrongful because reached in an uninformed manner. *Accord Levine v. Smith*, 591 A.2d at 215.

CONCLUSION

Consequently, the GM defendants' motion for reargument (D.I. 94) is granted and Counts V and VI of plaintiffs' Second Amended Consolidated Complaint are dismissed for failure to state a claim upon which relief can be granted. Defendant Perot's motion for reconsideration (D.I. 95) is moot.

---

5. This Court found no requirement that the GM Board establish a special committee in a demand refused situation. *In re General Motors Class E Stock Buyout Securities Litigation*, 694 F.Supp. at 1134. Therefore, plaintiffs' allegations regarding the appointment of such a committee are not at issue presently.