David **COADES**

v.

Glen R. **JEFFES** and Dr. **Charles Johnson.**

Civ. A. No. 91–4357.

United States District Court, E.D. Pennsylvania.

June 3, 1993.

---

**1190**

David Coades, pro se.

John O.J. Shellenberger, III, Office of Atty. Gen., Philadelphia, PA, for Medical Department S.C.I.

Frank P. Tuplin, John L. Aris, Duane, Morris & Heckscher, Philadelphia, PA, for Dr. Johnson.

### *MEMORANDUM*

GILES, District Judge.

Plaintiff brings this 42 U.S.C. § 1983 action against a prison doctor and the director of a prison hospital, alleging that the medical treatment provided to him violated the eighth amendment to the United States Constitution. Defendant Johnson has moved to dismiss the complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P. Plaintiff, who is proceeding *pro se*, has not submitted a response to defendant's motion. Nevertheless, for the reasons stated below, the motion is denied.

### I. *STANDARD FOR A MOTION TO DISMISS*

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). All factual allegations in the complaint and all reasonable inferences that may be drawn from the complaint are to be viewed in the light most favorable to the plaintiff. *Jenkins v. McKeithen,* 395 U.S.

411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969); *D.P. Enterprises, Inc. v. Bucks County Community College*, 725 F.2d 943, 944 (3d Cir.1984).

## II. DISCUSSION

■ In order to state a claim under 42 U.S.C. § 1983, plaintiff must show that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived him of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981). Defendant Johnson does not dispute the assertion that he was acting under color of state law for the purposes of § 1983 liability.[1] His motion to dismiss challenges the legal sufficiency of the complaint only with respect to its allegations that he deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.

■ Prison systems have a constitutional duty under the eighth amendment to provide prisoners with adequate health care. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). However, mere allegations of negligent medical malpractice do not present a constitutional violation. In order to succeed in a § 1983 action claiming inadequate medical treatment, plaintiff must show more than negligence on the part of his prison doctor, he must show that the doctor exhibited "deliberate indifference" to a serious medical need. *Estelle*, 429 U.S. at 104–06, 97 S.Ct. at 291–92; *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir.1987), *cert. denied*, 486 U.S. 1006, 108 S.Ct. 1731, 100 L.Ed.2d 195 (1988).

The complaint alleges in pertinent part:
9. Plaintiff reported on sick call at SCI–Graterford regarding "special diet" for medical reasons.

10. Plaintiff was seen by Dr. Johnson, who knew or should have known that, according to plaintiff's prison medical records he suffers from ulcers and torn tissues in his stomach.

11. Defendant Johnson refused/denied plaintiff of a special diet for a period of approximately eighteen months.

12. Denial of affording plaintiff a special diet showed deliberate indifference to plaintiff medical need.

Complaint at 2–3. Defendant challenges the adequacy of the complaint with respect to its allegations that he exhibited deliberate indifference to plaintiff's needs. He also argues that plaintiff's medical need was not serious. Finally, defendant asks the court to dismiss the complaint because it is not pled with sufficient factual particularity. We reject each of defendant's arguments.

### A. Deliberate Indifference

■ Defendant argues that the complaint must be dismissed because it does not allege facts supporting the conclusion that he acted with deliberate indifference. We disagree. The complaint alleges that plaintiff suffered from ulcers and torn tissues in his stomach, and that defendant Johnson knew that he so suffered. We can reasonably infer from the complaint's allegations that a special diet was required for the treatment of plaintiff's stomach problems. Finally, we can reasonably conclude that defendant Johnson refused to put plaintiff on a special diet in spite of the fact that he knew that such a diet was needed for plaintiff's health. Thus, read in the light most favorable to plaintiff, the complaint alleges that defendant knew that plaintiff had a particular medical need, and deliberately chose to not provide the needed treatment. This is more than a mere allegation that defendant negligently chose the wrong course of treatment. This is deliberate indifference. *See Lanzaro*, 834 F.2d at 346 (deliberate indifference exhibited where

---

1. The complaint alleges that defendant Johnson was an "employee at the prison hospital." Complaint ¶ 7(b). Defendant, in his motion to dismiss, claims that he was "independently contracted by Correctional Physician Services to provide physician services" at the prison. Defendant's Memorandum of Law at 2. Because we are considering a motion to dismiss, we must consider the allegations of the complaint to be true, and Johnson is clearly a state actor for the purposes of § 1983 liability. Defendant recognizes that even if the court were to accept his version of his relationship to the prison, which it cannot do when deciding this motion, he would still be a state actor under *West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

knowledge of need for medical care is accompanied by intentional refusal to provide that care); *Durmer v. O'Carroll,* 991 F.2d 64, 68 (3d Cir.1993) (same).

### B. Serious Medical Need

█ Defendant argues that even if the complaint adequately alleges that he exhibited deliberate indifference to plaintiff's medical need, that medical need was not "serious," and therefore the complaint must be dismissed.

Perhaps if plaintiff alleged that he had a hangnail or a minor scratch that was deliberately left untreated the court could find as a matter of law that his medical need was not serious. However, a prisoner "need not suffer physical torture or a lingering death ... as a result of a prison's denial of medical treatment in order to come under the protections of the eighth amendment." *Lanzaro,* 834 F.2d at 348 (internal cites and quotation marks omitted). If left untreated, a stomach ulcer may cause intense and persistent pain and may require emergency surgical intervention. *Merck Manual of Diagnosis and Therapy* 740–48 (15th ed. 1987). The court cannot find as a matter of law that ulcers and torn stomach tissues are not a serious medical need.

### C. Factual Particularity

█ Defendant argues that the complaint should be dismissed because it does not allege facts with sufficient particularity. In particular, he complains that plaintiff has not provided specific dates upon which medical treatment was requested and denied. We find that the complaint satisfies Fed.R.Civ.P. 8(a)(2), which requires only that a complaint include a "short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* —— U.S. ——, ——, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)) (internal quotation marks omitted).[2] To the extent that defendant requires specific dates, e.g. to

prepare a statute of limitations defense, he may get them through the usual mechanisms of discovery.

---

**2.** In *Leatherman,* the United States Supreme Court held that a federal court cannot require that § 1983 complaints be pled with heightened specificity, because such a heightened pleading requirement is in conflict with Fed.R.Civ.P. 8(a)(2).