Morris FRIEDMAN and Mary Friedman JT Ten Wros individually and on behalf of all others similarly situated

v.

LANSDALE PARKING AUTHORITY.

Civ. No. 92–7257.

United States District Court, E.D. Pennsylvania.

June 8, 1993.

Donald B. Lewis, Law Offices of Donald B. Lewis, Bala Cynwyd, PA, for plaintiffs.

Eleanor N. Ewing, Jon A. Baughman, Alfred H. Wilcox, Pepper Hamilton & Scheetz, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

YOHN, District Judge.

This dispute centers on the April 30, 1992 redemption of $6,525,000 and August 15, 1992 redemption of $210,051 of 7.9% Guaranteed Parking Revenue Bonds, Series of 1986 ("7.9% Bonds"). The redemption of the 7.9% Bonds occurred prior to the stated date of maturity. These 7.9% Bonds were issued by the defendant, Lansdale Parking Authority. The plaintiffs, Morris Friedman and Mary Friedman, were former holders of these 7.9% Bonds. They have brought the present lawsuit on behalf of themselves and on behalf of all other former bondholders whose 7.9% Bonds were redeemed prior to maturity during the period of April 30, 1992 to August 15, 1992. Plaintiffs assert that defendant has violated Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5 promulgated thereunder. Plaintiffs also assert common law claims based on contract, quasi-contract, negligent misrepresentation and unjust enrichment. Plaintiffs ask this court to invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over these four state law claims.

Defendant has filed a motion to dismiss plaintiffs' complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons explained in this memorandum and order, defendant's motion will be dismissed, without prejudice.

## STANDARD FOR REVIEW

*Dismissal Under Rule 12(b)(6)*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Johnsrud v. Carter,* 620 F.2d 29, 33 (3d Cir.1980). A court must determine whether the party making the claim would be entitled to relief under any set of facts that could be established in support of his or her claim. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). In reviewing a motion to dismiss, all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party. *See Rocks v. Philadelphia,* 868 F.2d 644, 645 (3d Cir.1989); *D.P. Enterprises, Inc. v. Bucks County Community College,* 725 F.2d 943, 944 (3d Cir. 1984). A complaint does not need to contain a lengthy recitation of the facts to withstand a motion to dismiss. *Bogosian v. Gulf Oil Corp.,* 561 F.2d 434, 446 (3d Cir.1977). All a plaintiff must do in his complaint is give a "short and plain statement of the claim that will give each defendant fair notice of what plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. at 102. Therefore, the court must accept the facts contained in plaintiffs' complaint as true.

Defendant urges the court to consider certain documents relating to plaintiffs complaint which it has attached to its motion to dismiss. These documents are the Official Statement which furnished information on the 7.9% Bond offering and redemption in dispute (Exhibit A), the related Trust Indenture under which the 7.9% Bonds were issued and secured (Exhibit B) and the Notice of Redemption which the Lansdale Parking Authority issued in connection with the early redemption of the 7.9% Bonds (Exhibit C). A court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a defendant's Rule 12(b)(6) motion. 5A Wright & Miller, Federal Practice and Procedure, Civil 2d § 1364. The Third Circuit has held that a court, in considering a motion to dismiss, can examine documents or exhibits that are attached to and described in the complaint. *See Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d

808, 812 (3d Cir.1990). In this instance, the exhibits were not attached to the complaint. Rather, as stated above, the exhibits were attached to defendant's motion to dismiss.

 The Third Circuit has never ruled on whether a court can consider documents attached to the defendant's motion.[1] Other courts in this district have been reluctant to examine documents not attached to the complaint unless the documents have been authenticated and incorporated by reference into the complaint. *See Berk v. Ascott Investment Corp.,* 759 F.Supp. 245 (E.D.Pa. 1991); *Provident National Bank v. Frankford Trust Co.,* 468 F.Supp. 448 (E.D.Pa. 1979). A document will not be considered incorporated by reference if only limited quotations are used in the complaint. *Berk,* 759 F.Supp. at 249, *citing, Goldman v. Belden,* 754 F.2d 1059, 1065–66 (2d Cir.1985). In *Berk,* the court held that documents attached to defendant's motion to dismiss were not incorporated by reference where the complaint just summarizes the contents of the documents. *Berk,* 759 F.Supp. at 249. In this instance, plaintiffs summarize the representations made in the documents and only make use of one short quotation from any of the documents attached to the defendant's motion. Thus, the court does not find that defendant's documents were incorporated by reference. Therefore, the court will exercise its discretion and not review the documents offered by defendant in ruling on its motion to dismiss.

 Since the court will not review the documents attached to defendant's motion to dismiss and defendant's arguments rely on these documents, defendant's motion will be dismissed, without prejudice. The defendant is free to file another motion to dismiss if its arguments do not require the court to review the attached documents. However, if defendant desires to file a motion in which the court will examine the documents related to

the 7.9% bond redemption, defendant should do so at the appropriate time in a motion for summary judgment.

An appropriate order follows.

### ORDER

**AND NOW,** this 8 day of June, 1993, upon consideration of defendant's motion to dismiss class action complaint and plaintiffs' response thereto, **IT IS HEREBY ORDERED** that the motion to dismiss class action complaint is **DENIED.**

---

1. In *Goodwin v. Elkins & Co.,* 730 F.2d 99 (3d Cir.1984), the Third Circuit considered, without resolving, the appropriateness of the district court's reliance on a partnership agreement which was attached to the defendant's motion to dismiss. In that case, Judge Garth did not reach the question (*Id.* at 103 n. 6, 104 n. 9), Chief Judge Seitz, concurring in the result, believed it

was inappropriate, but harmless error since he viewed the order as one granting summary judgment (*Id.* at 111–12) and Judge Becker, also concurring in the result, believed it was both proper and necessary to examine the documents since the documents were relied upon in the complaint and their authenticity was not contested (*Id.* at 113–14).