875 F.Supp. 273 (1995)
N.S., et al.
v.
The COMMONWEALTH of Pennsylvania, DEPARTMENT OF EDUCATION, et al.
Civ. A. No. 94-2571.
United States District Court, E.D. Pennsylvania.
February 15, 1995.
*274 Dennis C. McAndrews, Wayne, PA, for plaintiffs.
Sue Ann Unger, Office of Atty. Gen., Philadelphia, PA, Andrew E. Faust, Curtin & Heefner, Doylestown, PA, Robert T. Lear, Philadelphia, PA, Joseph J. Santarone, Jr., Marshall, Dennehey, Warner, Coleman & Goggin, Norristown, PA, C. Robert Elicker, Jr., Chester County Sol., Clarence A. Dickerson, West Chester, PA, for defendants.

MEMORANDUM AND ORDER
ANITA B. BRODY, District Judge.
Before me is the 12(b)(6) motion of defendant Downingtown Area School District ("Downingtown") to dismiss plaintiff's complaint for failure to state a claim. I must decide whether in a hearing for tuition reimbursement under 20 U.S.C. § 1415(b)(2) the administrative hearing officer's inability to exercise jurisdiction over the other defendants renders futile the administrative process under 20 U.S.C. § 1415(b)-(c). Since I conclude that the hearing officer's inability to exercise jurisdiction over the other defendants is irrelevant to plaintiffs' claim against Downingtown, I will dismiss the complaint against Downingtown without prejudice to plaintiffs to refile upon exhausting administrative remedies.

PROCEDURAL HISTORY
Plaintiff N.S. is an emotionally disturbed nineteen-year-old girl whose mother, Michelle S., resides in Downingtown, Pennsylvania. *275 (Complaint ¶ 3). From 1988 until April 1993, Downingtown placed N.S. in a full-time residential educational program at the Devereux Foundation ("Devereux") in Chester County, Pennsylvania. (Complaint ¶ 10). In April 1993 Devereux had N.S. committed at the Eastern State School and Hospital ("Eastern") in Bucks County, Pennsylvania. During the fall of 1993 Downingtown prepared and submitted an Individualized Education Program ("IEP") for N.S. which Michelle S. accepted on January 14, 1994. (Complaint ¶ 14). Also on January 14, 1994, plaintiffs' counsel notified Downingtown that N.S.'s current placement at Eastern was an inappropriate educational program. (Complaint ¶ 14). On January 25, 1994 Michelle S. transferred N.S. from Eastern to the Institute of Pennsylvania Hospital ("Institute") in Philadelphia, Pennsylvania. (Complaint ¶ 16). Michelle S.'s family prepaid the Institute $32,131 for N.S.'s first month's treatment at the Institute. (Exhibit E to Motion for Preliminary Injunction). On April 28, 1994, alleging the futility of resorting to the administrative process prescribed by 20 U.S.C. § 1415, plaintiffs commenced this action under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1485, ("IDEA") and the implementation order in Cordero v. Pennsylvania Dept. of Ed. & Commonwealth of Pennsylvania, 795 F.Supp. 1352 (M.D.Pa.1992) seeking injunctive and monetary relief against the Commonwealth of Pennsylvania Departments of Education and Public Welfare, Downingtown, School District of Philadelphia, and Chester County Department of Human Services. (Complaint ¶¶ 17, 24 (unnumbered)). On August 8, 1994 plaintiffs withdrew their request for injunctive relief after the parties agreed to a placement for N.S. at Devereux. (Pl.'s Praecipe to Withdraw Motion for Temporary Restraining Order and for Preliminary Injunction). Plaintiffs still seek reimbursement for the $32,131 paid to the Institute for N.S.'s first month's stay. (Pl.'s Response to Downingtown's Motion to Dismiss at 9).

STANDARD OF REVIEW
In deciding a 12(b)(6) motion to dismiss for failure to state a claim, I must presume all factual allegations of the complaint to be true and draw all reasonable inferences therefrom in favor of the non-moving party. D.P. Enterprises, Inc. v. Bucks County Community College, 725 F.2d 943, 944 (3d Cir.1984). I should dismiss the complaint only if it appears that plaintiffs are entitled to no relief under any set of facts that they could prove. Id.

DISCUSSION
IDEA guarantees all handicapped children a "free appropriate public education." 20 U.S.C. § 1412(1).[1] The primary vehicle used to implement this guarantee is the IEP, a detailed statement "summarizing the child's abilities, outlining the goals for the child's education and specifying the services the child will receive." Polk v. Central Susquehanna Intermediate Unit, 853 F.2d 171, 173 (3d Cir.1988), cert. denied, 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989). If a handicapped child fails to receive an appropriate IEP, it is undisputed that the child's parents can unilaterally enroll the child in a private educational program and seek tuition reimbursement through the administrative process under 20 U.S.C. § 1415(b)(2). Bernardsville Bd of Ed. v. J.H., et al., 42 F.3d 149, 157 (3d Cir.1994). An administrative hearing officer is fully empowered to grant tuition reimbursement, and the administrative hearing is a proper forum to resolve financial liability for the child's private educational program:
If a parent contends that he or she has been forced, at that parent's own expense, to seek private schooling for the child because an appropriate program does not exist within the local educational agency responsible for the child's education and the local educational agency disagrees, that disagreement and the question of who remains financially responsible is a matter to which the due process procedures established *276 under [the predecessor to § 1415] appl[y].
School Committee of Town of Burlingtown, et al. v. Department of Ed. of Mass., 471 U.S. 359, 371, 105 S.Ct. 1996, 2003, 85 L.Ed.2d 385 (1985) (quoting S.Rep. No. 94-168, at 32 (1975), 1975 U.S.C.C.A.N. 1425, 1456.) See also 34 CFR § 300.403(b) (disputes over financial responsibility for educational program subject to due process procedures). Parents who are dissatisfied with the findings and rulings rendered in the administrative proceedings may seek judicial review in federal or state court. 20 U.S.C. § 1415(e)(2).
Because 20 U.S.C. § 1415(e) grants district courts jurisdiction to hear claims only after the parties have exhausted their administrative remedies, parents must pursue tuition reimbursement through the administrative proceedings before they can file a tuition reimbursement claim in federal court. See 20 U.S.C. § 1415(e)(2) ("Any party aggrieved by the findings and decision [rendered in the administrative process] shall have the right to bring a civil action ... in a district court of the United States without regard to the amount in controversy."); Komninos v. Upper Saddle River Bd. of Ed., 13 F.3d 775, 778 (3d Cir.1994) ("Congress intended plaintiffs to complete the administrative process before resorting to federal court"); Stauffer v. William Penn School District, 829 F.Supp. 742, 748 (E.D.Pa.1993) ("Courts interpreting this statute have uniformly held that parents are precluded from seeking relief in state or federal court under the IDEA or section 1983 until they have exhausted their administrative remedies.").
Administrative exhaustion is necessary to "carry out congressional intent," to enable experienced state and local agencies to exercise their expertise and discretion, and to develop a complete factual record. Komninos, 13 F.3d at 779. Although administrative exhaustion may be excused in limited circumstances, excusal should only be invoked "sparingly." Id. at 778-79. See Id. at 778-781 (administrative exhaustion may be excused where child faces serious and irreversible mental or physical damage); Lester H. by Octavia P. v. Gilhool, 916 F.2d 865, 869 (3d Cir.1990) (administrative exhaustion may be excused where issue presented is purely legal question which administrative process was powerless to address).
Plaintiffs contend that administrative exhaustion is excusable because an administrative hearing officer lacks the authority to exercise jurisdiction over all of the defendants. (Pl.'s Response to Downingtown's Motion to Dismiss at 9-11). Plaintiffs' exhaustion argument is misdirected. The administrative officer's lack of jurisdiction over the other defendants is irrelevant to plaintiffs' claim against Downingtown. Plaintiffs acknowledge that an administrative hearing officer can exercise jurisdiction over Downingtown. (Pl.'s Response to Downingtown's Motion to Dismiss at 10-11). Plaintiffs seek reimbursement for the costs of privately funding N.S.'s placement at the Institute, relief which an administrative hearing officer is fully empowered to grant. Burlingtown, 471 U.S. at 371, 105 S.Ct. at 2003. Because the administrative process is fully capable of granting plaintiffs the relief they seek against Downingtown, administrative exhaustion is not futile and plaintiffs must first resort to the administrative process before they can bring their claim against Downingtown in federal court.[2]
AND NOW this fifteenth day of February 1995, it is ORDERED that Downingtown's motion to dismiss is GRANTED and the complaint is DISMISSED against Downingtown without prejudice to plaintiffs to refile upon the exhaustion of administrative remedies.
NOTES
[1] Although plaintiffs also bring this action under the implementation order in Cordero v. Pennsylvania Dept. of Ed. & Commonwealth of Pennsylvania, 795 F.Supp. 1352 (M.D.Pa.1992), the Cordero order is inapposite to Downingtown's motion to dismiss because Downingtown was not a defendant in the Cordero litigation.
[2] Because I conclude that plaintiffs have failed to exhaust their administrative remedies, I do not consider the other arguments advanced by Downingtown in support of its motion to dismiss.