Frank BRUNO, Plaintiff,

v.

HERSHEY FOODS CORPORATION,
et al., Defendants.

Civ. No. 96–3741(JAG).

United States District Court,
D. New Jersey.

May 27, 1997.

Gregory S. Schaer, Law Offices of Linda B. Kenney, Red Bank, NJ, for Plaintiff.

Reed Smith Shaw & McClay, Don A. Innamortao, Princeton, NJ, for Defendants.

## OPINION

GREENAWAY, District Judge.

This matter comes before the Court on the motion to dismiss of Reed Smith Shaw & McClay, attorneys for Hershey Foods Corporation, Henry Heide, Inc., Henry Heide, Inc. Deferred Compensation Plan and Henry Heide, Inc. Pension Plan.

### FACTS

Defendant, Henry Heide, Inc. ("Heide") employed plaintiff, Frank Bruno, from October 1985 until his termination in October 1993. Bruno served as Chief Financial Officer/Treasurer at Heide. Complaint ¶ 8. In approximately November 1995. Hershey Foods Corporation ("Hershey") acquired Heide.

In January 1989, Heide amended and restated its Deferred Compensation Plan for Senior Officers ("Compensation Plan"), originally adopted on September 29, 1976. Under the terms of the Compensation Plan, a person who is a "Senior Officer" is entitled to certain monthly retirement benefits. The term "Senior Officer" is defined in the Compensation Plan as including "Treasurer".[1] Innamorato Certif., Ex. 1, para. 1.6.[2] In addition, upon retirement, a Senior Officer is entitled to an annual benefit, for life, equal to 50% of his "Base Salary" reduced by his Pension Plan Benefit. *Id.* at para. 2.2(a). If the Senior Officer's employment is terminated prior to his attaining the age of 65, he is entitled to receive retirement benefits based on his percentage of vesting at the time of his termination, as determined by a schedule contained within paragraph 4.1 of the Compensation Plan. Moreover, "[i]n the event of a Change in Control of the Company ... a Senior Officer's vested percentage under Section 4.1 shall be 100%." *Id.* at para. 4.4. There is nothing in the Compensation Plan that requires the Senior Officer to be active at the time of the change in control in order to be entitled to accelerated vesting.

The Compensation Plan also provides for post-retirement and pre-retirement death benefits in the event that the Senior Officer dies before becoming eligible to retire. *Id.* at para. 3.1 and 3.2. There is nothing in the Compensation Plan that requires the Senior Officer to be active at the date of death in order for his spouse to be eligible for a pre-retirement death benefit.

In addition, Article 5, section 5.1 of the Compensation Plan states the following:

*Funding of Benefits.* All benefits under this Plan shall be payable solely out of the general assets of the company Innamorato Certif., Ex. 1.

On November 28, 1993 Bruno entered into a Separation Agreement and General Release (the "Agreement") with Heide. Bruno Certif., Ex. A.[3] Paragraph 4 of Part I of the

---

1. There is a discrepancy between plaintiff's opposition papers and the Complaint as to whether plaintiff, while at Heide, served as Chief Financial Officer and Vice–President of Finance or Chief Financial Officer and Treasurer. However, given that both Vice–President of Finance and Treasurer fit into the plan's interpretation of "Senior Officer", the Court need not make a finding as to Bruno's accurate title.

2. References in the form "Innamorato Certif." are to the Certification of Don A. Innamorato, submitted in support of defendants' motion to dismiss.

3. References in the form "Bruno Certif." are to the Certification of Frank Bruno, submitted by plaintiff in opposition to defendants' motion to dismiss.

Agreement states "that this Separation Agreement and General Release is not intended to and should not affect any rights or benefits which BRUNO has or may have under the Heide Pension Plan or Deferred Compensation Plan for Senior Officers."

On March 6, 1996 Bruno received a letter from Raymond J. Murphy, Benefits Planning and Analysis Manager for Hershey, stating that Bruno is entitled to vested benefits under both the Pension Plan and the Compensation Plan and that Hershey had assumed the administration of the Plans. Bruno Certif., Ex. B. Mr. Murphy also informed Bruno that he was not 100% vested until his 65th birthday and that upon attaining 65 he would be entitled to a monthly benefit equivalent to 35% vesting, or his percentage vested on the date of his termination from Heide.

On May 10, 1996 Bruno wrote a letter to Murphy, which states, in part, that:

> I disagree with the conclusion reached by your [Hershey's] legal department regarding the percentage of vesting. Specifically, Section 4.4 of the Plan states that a Senior Officer shall be 100% vested upon a change in control. There is nothing in the plan which requires that the Senior Officer be active at the time of the change in control. Therefore, my position is that I am 100% vested. I would also like to confirm that my spouse would be entitled to a pre-retirement death benefit under Section 3.2.

Bruno Certif., Ex. C.

On May 15, 1996 Murphy wrote another letter to Bruno, responding to Bruno's May 10 letter. Bruno Certif., Ex. D. In this letter, Mr. Murphy wrote that Bruno would be eligible to a termination benefit, payable on his 65th birthday and that because he was a terminated employee, Bruno was "not entitled to any other benefits under this plan." *Id.* Mr. Murphy also stated that "since you [Bruno] are no longer an employee of Henry Heide and therefore not a Senior Officer, your spouse is not eligible for a pre-retire-

ment death benefit." Mr. Murphy's letter informed Bruno that he could appeal this decision to the Henry Heide, Incorporated Board of Directors.

On May 21, 1996 Bruno appealed Hershey's interpretation of his benefits under the Compensation Plan. Bruno Certif., Ex. E. Specifically, Bruno disputed Hershey's determination that, because he was not active at the time of the change in control, (1) he was not 100% vested; and (2) his spouse was not entitled to a pre-retirement death benefit.

On June 14, 1996 Burton H. Snyder, Secretary of Heide's board of directors, responded to Bruno's appeal. Bruno Certif., Ex. F. Regarding the vesting issue, Mr. Snyder said:

> You ceased being a "Senior Officer" as defined in Section 1.6 of the Plan when your employment by Henry Heide terminated in 1993. Since you were not a Senior Officer at the time of the change in control in 1995, your vested percentage of benefits under the Plan was unaffected by the change in control.

Regarding the pre-retirement death benefit issue, Mr. Snyder said:

> You are not now a Senior Officer. Therefore, your spouse would not be entitled to a benefit under Section 3.2 at the time of your death unless prior to your death you again are employed by Henry Heide as a senior officer and die while still a Senior Officer but before you would be eligible to retire under the Plan.

On August 5, 1996, Bruno filed the instant Complaint against defendants, Hershey Foods Corporation, Henry Heide, Inc., Henry Heide, Inc. Deferred Compensation Plan and Henry Heide, Inc. Pension Plan, alleging that the defendants' failure to provide Bruno with benefits under the Compensation Plan and the Pension Plan[4] is in violation of the Employee Retirement Security Act of 1974

---

4. Defendants state in their brief in support of this motion that plaintiff's claims relating to the Pension Plan should be dismissed: (1) for failure to plead the exhaustion of his administrative remedies available under the plan, *see Weldon v. Kraft, Inc.,* 896 F.2d 793, 800 (3d Cir.1990); and (2)

because there is no apparent case or controversy between the parties relating to the Pension Plan. Plaintiff does not dispute this claim in his opposition papers. Accordingly, the Court agrees with the defendants that plaintiff's claims relating to the Pension Plan should be dismissed.

("ERISA"), 29 U.S.C. § 1001, et seq.,[5] and amounts to a breach of fiduciary duty under ERISA. Specifically, Bruno contends that the defendants wrongfully denied his claims that (1) he is 100% vested under the Compensation Plan and (2) his spouse is entitled to a pre-retirement death benefit under the Compensation Plan. Bruno also alleges breach of contract, negligent misrepresentation and breach of fiduciary duty claims against the defendants.

## DISCUSSION

A motion to dismiss for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6), will be granted if it appears beyond any doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Bartholomew v. Fischl*, 782 F.2d 1148, 1152 (3d Cir.1986). This Court must accept as true all of the factual allegations set forth in the pleadings and draw all reasonable inferences therefrom in favor of the nonmoving party. *Angelastro v. Prudential–Bache Securities, Inc.*, 764 F.2d 939 (3d Cir.), *cert. denied*, 474 U.S. 935, 106 S.Ct. 267, 88 L.Ed.2d 274 (1985); *D.P. Enterprises, Inc. v. Bucks County Community College*, 725 F.2d 943 (3d Cir.1984).

ERISA "subjects a wide variety of employee benefit plans to complex and far-reaching rules designed to protect the integrity of those plans and the expectations of their participants and beneficiaries." *Barrowclough v. Kidder, Peabody & Co.*, 752 F.2d 923, 929 (3d Cir.1985) (overruled on other grounds by *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110 (3d Cir.1993)). Employee pension benefit plans covered by ERISA include any employment plan that:

> results in a deferral of income by employees for periods extending to the termi-

nation of covered employment or beyond, regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan.

29 U.S.C. § 1002(2)(A)(ii). ERISA's fiduciary duty requirements are set forth in Part 4 of the statute, entitled "Fiduciary Responsibility". 29 U.S.C. §§ 1101–1114; *see also Crumley v. Stonhard, Inc.*, 920 F.Supp. 589, 592 (D.N.J.), *aff'd*, 106 F.3d 384 (3d Cir. 1996). However, "[n]ot all 'employee pension benefit plans,' within the meaning of § 1002(2)(A) … are subject to … fiduciary duty requirements." *Id.* Rather, Part 4 is limited by section 1101(a), which states, in part, that Part 4:

> shall apply to any employee benefit plan … other than—
>
> (1) a plan which is unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees[.]

*See also Miller v. Eichleay Engineers, Inc.*, 886 F.2d 30, 34 n. 8 (3d Cir.1989). These unfunded plans, commonly referred to as "top hat funds", must satisfy two prerequisites in order to be exempt from the fiduciary obligations set forth in Part 4: they must be (1) unfunded and (2) for the purpose of providing deferred income for select employees. *Crumley*, 920 F.Supp. at 592. An unfunded plan, or a "top hat plan", "is one in which only the employer provides the necessary funding for the benefits under the plan." *Id.* (citing *Bruch v. Firestone Tire and Rubber Co.*, 828 F.2d 134, 144 (3d Cir.1987); *Miller*, 886 F.2d at 33–34). In short, "a plan is funded when benefits are paid through a specific insurance policy and unfunded when they are paid from the employer's general assets." *Miller v. Heller*, 915 F.Supp. 651,

5. The specific ERISA provisions that Bruno alleges against the defendants are 29 U.S.C. §§ 1132 and 1109. The parties do not dispute that either of the Plans are employee benefit and pension funds governed by ERISA. Indeed, Bruno alleges in his Complaint that the "Henry Heide, Inc. Deferred Compensation Plan and Henry Heide, Inc. Pension Plan are employee

pension and benefit plans as defined by ERISA, 29 U.S.C. § 1002(2)." Complaint ¶ 5. Bruno also alleges that "Henry Heide, Inc. Deferred Compensation Plan and Henry Heide, Inc. Pension Plan are employee benefit plans maintained by defendant Henry Heide, Inc. and/or Hershey Food Corporation." *Id.*

657 (S.D.N.Y.1996); *Belsky v. First Nat. Life Ins. Co.*, 818 F.2d 661, 663 (8th Cir.1987).

In this case, the parties do not dispute that both of the plans at issue—i.e., the Compensation Plan and the Pension Plan—are employee pension plans covered by ERISA. Indeed, Bruno alleges that the "Henry Heide, Inc. Deferred Compensation Plan and Henry Heide, Inc. Pension Plan are employee pension and benefit plans as defined by ERISA, 29 U.S.C. § 1002(2)" Complaint ¶ 5. The parties do dispute, however, whether the Compensation Plan is a funded plan, and therefore subject to ERISA's fiduciary provisions, or an unfunded, so-called "top hat plan", and therefore exempt from ERISA's fiduciary provisions. Nevertheless, the undisputed facts reveal that the Compensation Plan is an unfunded "top hat plan" and therefore falls within the special exemption from ERISA's fiduciary provisions. Bruno alleges that he was employed by Heide as Chief Financial Officer/Treasurer, and was therefore a "Senior Officer of the Company in accordance with the Company's Pension Plan and Deferred Compensation Plan." Complaint ¶ 8. Bruno also alleges that the Plans "are employee benefit plans maintained by defendant Henry Heide, Inc. and/or Hershey Food Corporation." *Id.* at ¶ 5. In addition, Article 5, section 5.1 of the Compensation Plan states the following:

*Funding of Benefits.* All benefits under this Plan shall be payable solely out of the general assets of the Innamorato Certif., Ex. 1. Bruno presents no evidence showing that the Compensation Plan has a res separate from the ordinary assets of the company or that anyone other than the company made contributions to the Plan. In short, all the evidence suggests that the Compensation Plan at Heide was an unfunded company plan, set up primarily for the purpose of providing deferred compensation for selected employees. Accordingly, Bruno's breach of fiduciary duty claims under ERISA against the defendants fail as a matter of law.

### State Law Claims

ERISA contains an explicit preemption provision which states, in part, that:

Except as provided in subsection (b) of this section, the provision of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a). This broad preemption clause "is conspicuous for its breadth. It establishes as an area of exclusive federal concern the subject of every state law that 'relate[s] to' an employee benefit plan governed by ERISA." *FMC Corp. v. Holliday*, 498 U.S. 52, 58, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990) (citations omitted). In sum, the phrase "relates to" should be given "its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987). *See also Travitz v. Northeast Dept. ILGWU Health and Welfare Fund*, 13 F.3d 704, 709 (3d Cir.), *cert. denied*, 511 U.S. 1143, 114 S.Ct. 2165, 128 L.Ed.2d 888 (1994); *Shiffler v. Equitable Life Assurance Society of the United States*, 838 F.2d 78 (3d Cir.1988). In addition, the Supreme Court has held "that the pre-emption clause is not limited to state laws specifically designed to affect employee benefit plans." *Shiffler*, 838 F.2d at 81 (citing *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 98, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983)).

In this case, Bruno alleges against the defendants the following state law claims: breach of contract, negligent misrepresentation and breach of fiduciary duty, The parties do not dispute that the plans at issue are employee benefit and pension plans covered by ERISA. In addition, the state law claims Bruno alleges against the defendants all clearly "relate to" the employee benefit plans that Bruno admits are governed by ERISA. For example, Bruno alleges breach of contract against the defendants because he believes "[t]he denial of [his] . . . benefits was in breach of an express and/or implied contractual obligation to provide said benefits to [him]." Complaint ¶ 28. Bruno alleges negligent misrepresentation against the defen-

dants because he believes that "defendants' representation that [he] ... was not entitled to the requested benefits was false and negligently made." *Id.* at ¶ 31. Bruno alleges breach of fiduciary duty against the defendants because he believes "[t]he company's denial of [his] ... request for benefits to which he was entitled was in breach of the defendants' fiduciary duty owed to [him]." *Id.* at ¶ 31. Accordingly, Bruno's state law claims against the defendants are preempted by ERISA.

Therefore, for the reasons stated above, plaintiff Frank Bruno's complaint against the defendants, Hershey Foods Corporation, Henry Heide, Inc., Henry Heide, Inc. Deferred Compensation Plan and Henry Heide, Inc. Pension Plan, is hereby dismissed.